```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/2/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JULIAN HEICKLEN,

              Plaintiff,        08 Civ. 2457 (JGK)

    - against -              ORDER

JASON TOALA, et al.,

              Defendants.

---

JOHN G. KOELTL, District Judge:

    There are various applications pending before the Court.

    The plaintiff alleges that he was falsely arrested and has made various applications.

    The plaintiff has filed a notice of motion for a jury trial.  There is no need to file a motion, and the plaintiff has now requested a jury trial.  Therefore, the motion is **denied without prejudice** as moot and the plaintiff's demand for a jury trial is duly noted.

    The plaintiff seeks an extension of time beyond April 15, 2009 to respond to any information submitted by the defendants. It is unclear what this motion refers to.  It is therefore **denied without prejudice** as moot.

    The plaintiff seeks to require that the defendants accept service at their expense.  There is no basis for that application.  The defendants represent that Police Commissioner Kelly has in fact been served.  The defendants also represent

1

that defendant Jason Toala can be served at his current command and that address is provided to the plaintiff with the letter from defense counsel dated March 19, 2009.  The application is therefore **denied without prejudice** as moot.

The plaintiff seeks an order requiring the defendants to identify John Does.  However, the Court cannot ascertain from the papers whether the plaintiff has provided sufficient information to identify any John Does.  The City does have an obligation to assist in identifying John Does who can be identified.  Therefore, the application is **denied without prejudice** as moot.

The defendants seek to require the plaintiff to execute releases so that the defendants can obtain access to the records concerning the plaintiff's arrest which are now sealed and to obtain any medical records relating to the incident alleged.  The defendants are entitled to have access to such records and the prompt provision of the releases will assist the defendants in identifying the John Does and in assisting in the determination of whether the Corporation Counsel will be representing all of the defendants and in preparing an Answer to the Complaint.  Therefore the plaintiff is directed to execute the releases promptly.

The defendants also seek an extension of time for the Police Commissioner to respond to the Complaint.  The time for

any defendants who have been served to respond to the Complaint is extended to **May 15, 2009.**

The Clerk is directed to close Docket Nos. 10, 11, and 12.

SO ORDERED.

Dated:   New York, New York
         April 1, 2009

_____
John G. Koeltl
United States District Judge